Jarom A. Whitehead, ISB #6656
jwhitehead@pedersen-law.com
Brian J. Hilverda, ISB #7952
bhilverda@pedersen-law.com
PEDERSEN and WHITEHEAD
161 5th Ave. S., Suite 301
P. O. Box 2349
Twin Falls, ID  83303-2349
208-734-2552 (Telephone)
208-734-2772 (Facsimile)

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT TAYLOR and VERONICA J. TAYLOR, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a foreign corporation, LOTSOLUTIONS, INC., a foreign corporation, CHARTIS, INC., a foreign corporation, AIG CLAIMS, INC., a foreign corporation, formerly known as CHARTIS CLAIMS, INC., WELLS FARGO BANK, N.A., a foreign corporation, DOES I through X, and BUSINESS ENTITY DOES I through X,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW, the Plaintiffs, by and through their attorneys of record, and complain and allege as follows:

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

## PARTIES

1. At all times material hereto Robert Taylor and Veronica Taylor resided in the City of Idaho Falls, County of Bonneville, Idaho.

2. At all times material hereto, Defendant National Union Fire Insurance Company of Pittsburgh, PA. (hereinafter "National") has been and now is an insurance company domiciled in Pennsylvania, which was registered and did solicit and sell insurance in the State of Idaho.

3. At all times material hereto, Defendant LotSolutions, Inc., (hereinafter "LOTS") has been and now is a Georgia corporation which was registered to do business in the State of Idaho and, as alleged below, has engaged in the transaction of its business in the State of Idaho.

4. At all times material hereto, Defendant Chartis, Inc., has been and now is a Delaware corporation and, as alleged below, has engaged in the transaction of its business in the State of Idaho.

5. At all times material hereto, Defendant AIG Claims, Inc., formerly known as Chartis Claims, Inc., has been and now is a Delaware corporation which was registered to do business in the State of Idaho, and, as alleged below, has engaged in the transaction of its business in the State of Idaho.

6. At all times material hereto, Defendant Wells Fargo Bank, N.A., has been and now is a national banking association which was registered to do business in the State of Idaho, and, as alleged below, has engaged in the transaction of its business in the State of Idaho.

7. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants Does I through X, and Business Entity Does I through X, are unknown to Plaintiffs at this time. Plaintiffs sue those Defendants by such fictitious names and will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiffs are informed and believe, and on the basis of such information and belief alleges, that

each of the Defendants designated as a Doe is negligently or otherwise legally responsible for the events and happenings referred to in this Complaint, and negligently or otherwise unlawfully caused the injuries and damages to the Plaintiffs alleged in this Complaint.

8.   The professional and business relationships of Defendants to one another are not known to Plaintiffs at this time.

## JURISDICTION

9.   Jurisdiction is proper in District Court in that the amount of damages exceeds $10,000.00.

## FACTUAL CONTENT

10.   Plaintiff Veronica J. Taylor acquired five different Blanket Accident Insurance Policies with National which were marketed to her through Wells Fargo Bank, N.A.

11.   The policies was issued in association with Plaintiff's Wells Fargo checking account.

12.   The policies at issue in this case are identified as Policy # 48161172, # 48161173, #48432007 and # 49382486, (hereinafter "the policies") and which provided, in the event of an accident, disability and/or various medical treatments, for insurance coverage.

13.   Plaintiffs also secured another policy, #48193798, which does not appear to be implicated in this case at this time.

13.   Wells Fargo told the Plaintiffs that each new policy purchased would provide additional coverage to that provided by the previous policies purchased.

13.   Plaintiff's monthly premiums were regularly charged to her Wells Fargo Bank checking account.

14.   On December 16, 2010, Veronica J. Taylor fell in her yard injuring her knees. On September 4, 2011, she got a pill stuck in her throat. On November 16, 2011, Veronica Taylor

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

tripped and fell and suffered a stroke as a result of her injuries and became permanently disabled as a result. On June 29, 2012, Veronica Taylor suffered injuries to her feet, ankles and knees when her power chair malfunctioned.

15. Plaintiff Veronica J. Taylor filed claims with National for benefits pursuant to the policies following each of her accidents. Following the filing of each of these claims, Plaintiff was contacted by LOTS and Chartis, and thereafter communicated with LOTS relative to the adjustment of the claim.

16. On information and belief Plaintiffs allege that LOTS, through agency, contract, or agreement with National, directs, handles, administers and adjusts insurance claims submitted by policyholders of National.

17. On information and belief Plaintiffs allege that Chartis, through agency, contract, or agreement with National, directs, handles and processes insurance claims submitted by policyholders of National.

18. On multiple occasions LOTS and Chartis requested documents and records and on each occasion these documents were obtained by Plaintiffs and supplied to LOTS by them or at their request.

19. LOTS made its last request for records on December 6, 2012.

20. Neither LOTS nor Chartis has made any further requests for records and has not sent any other written communication to Plaintiff since July 3, 2013.

21. National has not made payment for at least $2,118,000.00 in disability coverage. Many other claims for benefits under these four policies have been denied.

21. The specific grounds for the denials of coverage have never been fully set forth in writing.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

22. There is no valid basis for a denial of coverage nor is there any fairly debatable basis for a denial of coverage.

23. LOTS and Chartis' adjusting procedures are confusing and cause insureds to be uninformed of the status of their claims. Chartis and/or LOTS then close claims after 90 days of inactivity.

23. Plaintiffs have provided all of the information and release forms which were requested by National or LOTS or Chartis and have provided proofs of loss pursuant to Idaho Code § 41-1839 which were sufficient to permit National, LOTS and Chartis to evaluate the claims and reach a decision relative to the claim.

24. More than 30 days has passed since Plaintiffs provided qualifying proofs of loss to National, LOTS and Chartis and no payments have been made upon the policy.

## COUNT ONE - BREACH OF CONTRACT

25. Plaintiffs reallege the allegations contained in each and every paragraph herein above.

26. All conditions precedent to cause National to be liable to pay benefits pursuant to the policies have been performed or have occurred including timely payment of all premiums, properly filing a proof of claim and supporting documents with National through its agents, LOTS and Chartis.

27. National's failure or refusal to pay benefits under the policy was unjustified and amounted to a breach of contract.

28. National's breach of the contract for accident insurance caused Plaintiffs to suffer damages and financial hardship.

29. Plaintiffs are entitled to an award of the benefits of the policies, and such other

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

special and general damages as may be proven at trial.

## COUNT TWO - BAD FAITH

30. Plaintiffs reallege the allegations contained in each and every paragraph herein above.

31. All conditions precedent to cause National to be liable to pay benefits pursuant to the policies have been performed or have occurred including timely payment of all premiums, and properly filing proofs of claim and supporting documents with National through its agents, LOTS and Chartis.

32. National's failure or refusal to pay benefits due under the policies and/or the complete failure of either National or LOTS or Chartis to provide a complete written denial, to provide any lawful basis for a denial of the claims for benefits and to adjust the manner in conformance with applicable statutes and regulations are totally unjustified conduct which amounts to an extreme deviation from the standards of the industry

33. The conduct of National and/or LOTS and/or Chartis constitute, under the circumstances to the tort of bad faith.

34. Plaintiffs also believe that the practices utilized by National, LOTS and Chartis are designed to deprive National's insureds, such as Plaintiffs, of the benefits owed pursuant to the policy; such practices amounted to the tort of bad faith.

35. Defendants' failure to act in good faith proximately caused Plaintiffs to suffer damages.

36. Plaintiffs are entitled to an award of general and special damages as may be proven at trial.

## COUNT THREE - FRAUD

37. Plaintiffs reallege the allegations contained in each and every paragraph

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

hereinabove.

38. Defendants engaged in conduct designed to deceive Plaintiffs into purchasing policies that Defendants knew would not pay the benefits as promised. Plaintiffs relied on Defendants' representations that these polices would provide coverage in the event of a loss.

38. Because of their marketing adjusting practices designed to frustrate and prevent the Plaintiffs' attempts to provide conforming proof of loss and to deny policies on wholly inadequate and unjustified grounds, Defendants never intended to pay the benefits as promised under the contract. Consequently, Defendants' actions amounted to fraud as defined by Idaho law; such fraud proximately caused Plaintiffs to suffer damages.

39. Plaintiffs are entitled to an award of damages, both special and general, in an amount to be proven at trial.

## COUNT FOUR - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiffs reallege the allegations contained in each and every paragraph hereinabove.

41. Considering the specific facts of this case, and the duty imposed by law that an insurer act fairly and in good faith at all times when it is processing the claims of policy beneficiaries, Defendants' actions in refusing to pay Plaintiffs' legitimate claims are extreme and outrageous.

42. Defendants, by fraudulently marketing these policies and refusing to pay Plaintiffs' legitimate claims, acted intentionally and/or with reckless disregard of the probability that a reasonable person would suffer severe emotional distress under these circumstances.

43. As a direct and approximate result of Defendants' extreme and outrageous conduct, Plaintiffs did suffer severe emotional distress and are entitled to compensation for such

injury in an amount to be proven at trial.

## COUNT FIVE – PUNITIVE DAMAGES

44. Plaintiffs reallege the allegations contained in each and every paragraph hereinabove.

45. The Plaintiffs intend to move the Court to include a claim to seek recovery for punitive damages pursuant to Idaho Code § 6-1604 and as allowed by Idaho law.

46. The manner in which the Defendants marketed the policies, failed to properly investigate, unreasonably delayed, and wrongfully denied the Plaintiffs' claim for benefits and thereby breaching the contract was an extreme deviation from reasonable standards of conduct. Plaintiffs allege these acts were performed by Defendants with malice, fraud, oppression, wantonness, gross negligence and recklessness, entitling Plaintiffs, in addition to all compensatory damages, to an award of punitive damages in an amount that will punish the Defendants and deter Defendants and others from engaging in similar conduct in the future.

## COUNT SIX - ATTORNEY FEES

47. Plaintiffs reallege the allegations contained in each and every paragraph hereinabove.

48. As a result of Defendants' conduct, Plaintiffs have hired the law firm of Pedersen and Whitehead to prosecute this action.

49. Plaintiffs are entitled to reasonable attorney fees under Idaho Code § 12-121 and § 41-1839 relating to attorney fees and suits against insurers.

## DAMAGES

50. As a proximate and/or producing result of Defendants' bad faith conduct and National's breach of contract, Plaintiffs have suffered substantial damages including special

COMPLAINT AND DEMAND FOR JURY TRIAL - 8

damages, general damages, consequential damages, attorney fees and the costs incident to prosecuting this action, all in an amount to be proven at trial.

51. Considering each of these elements of damage, Plaintiffs have suffered damages in excess of $10,000.

52. Plaintiffs respectfully request that a jury determine the amount of losses Plaintiffs have incurred in the past and will incur in the future financial hardship which would have been avoided by proper performance under the contract of insurance. This hardship has put needless and avoidable stress upon Plaintiffs and caused them financial damages, anguish and suffering.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants for:

1. Upon all counts against Defendants, jointly and severally, for special and general damages in an amount in excess of the jurisdictional limits of this Court;

2. For reasonable attorney's fees and costs herein;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by a jury of at least twelve (12) members on all issues in the above-entitled matter.

DATED this 5th day of March, 2014.

PEDERSEN and WHITEHEAD

By _____
Brian J. Hilverda, ISB #7952
Attorney for Plaintiffs

COMPLAINT AND DEMAND FOR JURY TRIAL - 9