Jarom A. Whitehead, ISB #6656
jwhitehead@pedersen-law.com
Brian J. Hilverda, ISB #7952
bhilverda@pedersen-law.com
PEDERSEN and WHITEHEAD
161 5th Ave. S., Suite 301
P. O. Box 2349
Twin Falls, ID  83303-2349
208-734-2552 (Telephone)
208-734-2772 (Facsimile)

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT TAYLOR and VERONICA J. TAYLOR, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a foreign corporation, LOTSOLUTIONS, INC., a foreign corporation, CHARTIS, INC., a foreign corporation, AIG CLAIMS, INC., a foreign corporation, formerly known as CHARTIS CLAIMS, INC., WELLS FARGO BANK, N.A., a foreign corporation,  and JOHN DOES I through X, and BUSINESS ENTITY DOES I through X,<br><br>Defendants. | Case No. **4:14-cv-00079-BLW**<br><br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW, the Plaintiffs, by and through their attorneys of record, and complain and

allege as follows:

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 1

**PARTIES**

1.      At all times material hereto Robert Taylor and Veronica Taylor resided in the City of Idaho Falls, County of Bonneville, Idaho.

2.      At all times material hereto, Defendant National Union Fire Insurance Company of Pittsburgh, PA. (hereinafter "National") has been and now is an insurance company domiciled in Pennsylvania, which was registered and did solicit and sell insurance in the State of Idaho.

3.      At all times material hereto, Defendant LotSolutions, Inc., (hereinafter "LOTS") has been and now is a Georgia corporation which was registered to do business in the State of Idaho and, as alleged below, has engaged in the transaction of its business in the State of Idaho.

4.      At all times material hereto, Defendant Chartis, Inc., has been and now is a Delaware corporation and, as alleged below, has engaged in the transaction of its business in the State of Idaho.

5.      At all times material hereto, Defendant AIG Claims, Inc., formerly known as Chartis Claims, Inc ., has been and now is a Delaware corporation which was registered to do business in the State of Idaho, and, as alleged below, has engaged in the transaction of its business in the State of Idaho.

6.      At all times material hereto, Defendant Wells Fargo Bank, N.A., has been and now is a national banking association which was registered to do business in the State of Idaho, and, as alleged below, has engaged in the transaction of its business in the State of Idaho.

7.      The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants Does I through X, and Business Entity Does I through X, are unknown to Plaintiffs at this time. Plaintiffs sue those Defendants by such fictitious names and will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiffs are informed and believe, and on the basis of such information and belief alleges, that

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

each of the Defendants designated as a Doe is negligently or otherwise legally responsible for the events and happenings referred to in this Complaint, and negligently or otherwise unlawfully caused the injuries and damages to the Plaintiffs alleged in this Complaint.

8.      The professional and business relationships of Defendants to one another are not known to Plaintiffs at this time.

## JURISDICTION

9.      Jurisdiction is proper in District Court in that the amount of damages exceeds $10,000.00.

## FACTUAL CONTENT

10.      Plaintiff Veronica J. Taylor acquired five different Blanket Accident Insurance Policies with National which were marketed to her through Wells Fargo Bank, N.A (Wells Fargo). When Plaintiff would call to make banking inquiries over the phone, the Defendant's representatives would then market the policies over the phone. This occurred on multiple occasions, the exact dates of which are not known.

11.      The policies were issued in association with Plaintiff's Wells Fargo checking account.

12.      The policies at issue in this case are identified as Policy # 48161172, # 48161173, #48432007 and # 49382486, (hereinafter "the policies") and which provided, in the event of an accident, disability and/or various medical treatments, for insurance coverage.

13.      Plaintiffs also secured another policy, #48193798, which does not appear to be implicated in this case at this time.

14.      Wells Fargo told the Plaintiffs that each new policy purchased would provide additional coverage to that provided by the previous policies purchased. Additionally, when selling the policies, the agents failed to disclose limitations contained in the policies. Instead,

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 3

each sale was accompanied with representations that the additional policy would provide additional coverage beyond what was in the policies purchased previously

15.     Plaintiff's monthly premiums were regularly charged to her Wells Fargo Bank checking account. Plaintiff was current on her premiums at all relevant times hereto.

16.     On December 16, 2010, Veronica J. Taylor fell in her yard injuring her knees.  On September 4, 2011, she got a pill stuck in her throat when she accidentally choked on the pill. On November 16, 2011, Veronica Taylor tripped and fell and suffered a stroke as a result of her injuries and became permanently disabled as a result. On June 29, 2012, Veronica Taylor suffered injuries to her feet, ankles and knees when her power chair malfunctioned.

17.     Plaintiff Veronica J. Taylor filed claims with National for benefits pursuant to the policies following each of her accidents.  Following the filing of each of these claims, Plaintiff was contacted by LOTS and Chartis, and thereafter communicated with LOTS relative to the adjustment of the claims.

18.     On information and belief Plaintiffs allege that LOTS, through agency, contract, or agreement with National, directs, handles, administers and adjusts insurance claims submitted by policyholders of National.

19.     On information and belief Plaintiffs allege that Chartis, through agency, contract, or agreement with National, directs, handles and processes insurance claims submitted by policyholders of National.

20.     On multiple occasions LOTS and Chartis requested documents and records and on each occasion these documents were obtained by Plaintiffs and supplied to LOTS by them or at their request.

21.     LOTS made its last request for records on December 6, 2012.

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

22.     Neither LOTS nor Chartis has made any further requests for records and has not sent any other written communication to Plaintiff since July 3, 2013.

23.     National has not made payment for at least $2,118,000.00 in disability coverage available under the various policies. The disability claims were assigned claim numbers: 95815333, 95860828, 95841324, 95815334, 95815358. Many other claims for benefits under these four policies have been denied.

24.     The specific grounds for the denials of coverage have never been fully set forth in writing.

25.     It is believed that the following claims for other coverage were wrongfully denied or mishandled: 95811259, 95865761, 96015494, 96015495, 95841322, 95777944, 95794590, 95794589, 95794588, 95794587, 96015496, 96001905, 96001904, 96033344, 96015491, 96015492, 95842486, 95794585, 95794586, 96015493, 95841321, 95812366, 95813326, 96015498, 95794594, 95777951, 95777950, 95777949, 95777948, 95777947, 95794595, 95794593, 96015499, 95794591, 9584132396015497, 96001907, 96001906, 96033345, 95842488, 96015501, 95783105, 95777958, 95777957, 96014407, 95831883, 95830973, 95353603, 95777958, 95777957, 96014407, 95831883, 95830973, 95353603, 95843673, 96015503, 96015502, 96001915, 95871372, 95871371, 95860834, 95783106, 95390922, 96033359, 96015505, 96015504, 96019116, 96015625, 96015626, 95845183, 95778183, 95778185, 95778184, 96015627, 95861030, 95813442, 95871599, 95871598, 95871597, 96002087, 96002086, 96033509, 95832050, 95832049, 95845182, 95841468, 95845182, 96015529, 96015530, 96015531, 95841349, 95831914, 95841350, 95831915.

Plaintiff is unable to state whether this is an exhaustive list because LOTS and Chartis' adjusting procedures are confusing and cause insureds to be uninformed of the status of their

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

claims. Chartis and/or LOTS then close claims after 90 days of inactivity from an insured without notice of the closure.

26.     There is no valid basis for a denial of coverage nor is there any fairly debatable basis for a denial of coverage.

27.     LOTS and Chartis' employees are trained to handle claims in the manner in which they handled the Plaintiffs' claims. It is believed that the Defendants have established these confusing adjusting procedures as the manner in which claims should be adjusted.

28.     Plaintiffs have provided all of the information and release forms which were requested by National or LOTS or Chartis and have provided proofs of loss pursuant to Idaho Code § 41-1839 which were sufficient to permit National, LOTS and Chartis to evaluate the claims and reach a decision relative to the claim.

29.     More than 30 days has passed since Plaintiffs provided qualifying proofs of loss to National, LOTS and Chartis and no payments have been made upon the policy.

## COUNT ONE - BREACH OF CONTRACT

30.     Plaintiffs reallege the allegations contained in each and every paragraph herein above.

31.     All conditions precedent to cause National to be liable to pay benefits pursuant to the policies have been performed or have occurred including timely payment of all premiums, properly filing a proof of claim and supporting documents with National through its agents, LOTS and Chartis.

32.     National's failure or refusal to pay benefits under the policy was unjustified and amounted to a breach of contract.

33.     National's breach of the contract for accident insurance caused Plaintiffs to suffer

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

damages and financial hardship.

34.     Plaintiffs are entitled to an award of the benefits of the policies, and such other damages as may be proven at trial.

## COUNT TWO - BAD FAITH

35.     Plaintiffs reallege the allegations contained in each and every paragraph herein above.

36.     All conditions precedent to cause National to be liable to pay benefits pursuant to the policies have been performed or have occurred including timely payment of all premiums, and properly filing proofs of claim and supporting documents with National through its agents, LOTS and Chartis.

37.     National's failure or refusal to pay benefits due under the policies and/or the complete failure of either National or LOTS or Chartis to provide a complete written denial, to provide any lawful basis for a denial of the claims for benefits and to adjust the manner in conformance with applicable statutes and regulations are totally unjustified conduct which amounts to an extreme deviation from the standards of the industry

38.     The conduct of National and/or LOTS and/or Chartis constitute, under the circumstances to the tort of bad faith.

39.     Plaintiffs also believe that the practices utilized by National, LOTS and Chartis are designed to deprive National's insureds, such as Plaintiffs, of the benefits owed pursuant to the policy; such practices amounted to the tort of bad faith.

40.     Defendants' failure to act in good faith proximately caused Plaintiffs to suffer damages.

41.     Plaintiffs are entitled to an award of general and special damages as may be proven at trial.

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

## COUNT THREE - FRAUD

42.     Plaintiffs reallege the allegations contained in each and every paragraph hereinabove.

43.     Defendants engaged in conduct designed to deceive Plaintiffs into purchasing policies that Defendants knew would not pay the benefits as promised. This was accomplished by Wells Fargo representatives telling the Plaintiffs that these policies would provide coverage for these losses. Additionally, with each additional policy, Plaintiffs were told that they would receive coverage in excess of that which they already had though the prior purchases. These representations were false because the Defendants stated that the policies do not cover these losses, nor do they provide excess coverage.

44.     Plaintiffs relied on Defendants' representations that these polices would provide coverage in the event of a loss. Believing what they had been told by the Defendants regarding the policies, Plaintiffs purchased each of the aforementioned policies and authorized premiums to be withdrawn from their bank account.

45.     Because of their marketing adjusting practices (stated previously in this complaint) were designed to frustrate and prevent the Plaintiffs' attempts to provide conforming proof of loss and to deny policies on wholly inadequate and unjustified grounds, Defendants never intended to pay the benefits as promised under the contract and when the polices were sold to the Plaintiffs. Additionally, the Defendants failed to disclose limitations contained in the policies at the time of sale. These actions constitute fraud and fraud by silence. Such fraud proximately caused Plaintiffs to suffer damages.

46.     Plaintiffs are entitled to an award of damages, both special and general, in an amount to be proven at trial.

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 8**

## COUNT FOUR - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47.    Plaintiffs reallege the allegations contained in each and every paragraph hereinabove.

48.    Considering the specific facts of this case, and the duty imposed by law that an insurer act fairly and in good faith at all times when it is processing the claims of policy beneficiaries, Defendants' actions in refusing to pay Plaintiffs' legitimate claims are extreme and outrageous.

49.    Defendants, by fraudulently marketing these policies and refusing to pay Plaintiffs' legitimate claims, acted intentionally and/or with reckless disregard of the probability that a reasonable person would suffer severe emotional distress under these circumstances.

50.    As a direct and approximate result of Defendants' extreme and outrageous conduct, Plaintiffs did suffer severe emotional distress and are entitled to compensation for such injury in an amount to be proven at trial.

## COUNT FIVE - ATTORNEY FEES

51.    Plaintiffs reallege the allegations contained in each and every paragraph hereinabove.

52.    As a result of Defendants' conduct, Plaintiffs have hired the law firm of Pedersen and Whitehead to prosecute this action.

53.    Plaintiffs are entitled to reasonable attorney fees under Idaho Code § 12-121 and § 41-1839 relating to attorney fees and suits against insurers.

## DAMAGES

54.    As a proximate and/or producing result of Defendants' bad faith conduct and National's breach of contract, Plaintiffs have suffered substantial damages including special

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 9

damages, general damages, consequential damages, attorney fees and the costs incident to prosecuting this action, all in an amount to be proven at trial.

55.     Considering each of these elements of damage, Plaintiffs have suffered damages in excess of $10,000.

56.     Plaintiffs respectfully request that a jury determine the amount of losses Plaintiffs have incurred in the past and will incur in the future financial hardship which would have been avoided by proper performance under the contract of insurance.  This hardship has put needless and avoidable stress upon Plaintiffs and caused them financial damages, anguish and suffering.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants for:

1.     Upon all counts against Defendants, jointly and severally, for special and general damages in an amount in excess of the jurisdictional limits of this Court;

2.     For reasonable attorney's fees and costs herein;

3.     For costs of suit incurred herein; and

4.     For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by a jury of at least twelve (12) members on all issues in the above-entitled matter.

DATED this 30th day of May, 2014.

PEDERSEN and WHITEHEAD

By _____
Brian J. Hilverda, ISB #7952
Attorney for Plaintiffs

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2014, I served a copy of the foregoing CORPORATE DISCLOSURE STATEMENT, on *CM/ECF* Registered Participants as reflected on the Notice of Electronic Filing as follows:

> Kevin J. Scanlan, ISB #5521
> Email:  kjs@dukescanlan.com
> Bryan A. Nickels, ISB #6432
> Email:  ban@dukescanlan.com
> DUKE SCANLAN & HALL, PLLC
> P. O. Box 7387
> Boise, Idaho 83707

Brian J. Hilverda

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552