UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT TAYLOR and VERONICA J. TAYLOR, husband and wife,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a foreign corporation, LOTSOLUTIONS, INC., a foreign corporation, CHARTIS, INC. a foreign corporation, AIG CLAIMS, INC., a foreign corporation, formerly known as CHARTIS CLAIMS, INC., WELLS FARGO BANK, N.A. a foreign corporation, DOES I through X, and BUSINESS ENTITIY DOES I through X,<br><br>    Defendant. | Case No. 4:14-cv-00079-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Defendants' Motions to Dismiss (Dkt. 11). For the following reasons, the Court will grant the motion, but with leave to amend.

## LEGAL STANDARD

### 1. Legal Standard for Rule 12(b)(6) Motions

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal conclusions that are couched as factual allegations. *Id.* Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after *Iqbal*). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866, n.1 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## ANALYSIS

**1.     Motion To Dismiss**

Defendants' argue that Defendant Chartis, Inc. should be dismissed for lack of personal jurisdiction, and that Defendant AIG Claims, Inc. should be dismissed because the Amended Complaint contains no specific allegations of wrongdoing against AIG Claims, Inc. Defendants also ask the Court to dismiss Counts Two, Three and Four of the Amended Complaint.

The Taylors agree to the dismissal of Chartis, Inc. Accordingly, the Court will grant that part of the motion. The Court will address the remaining issues below.

### A.     *Claims Against AIG Claims, Inc.*

Based upon the record before the Court, it appears AIG Claims, Inc. is a successor in interest to Chartis Claims, Inc. However, the Amended Complaint (Dkt. 10) does not direct any allegations toward either AIG Claims, Inc. or Chartis Claims, Inc. The Amended Complaint does, however, repeatedly reference the now dismissed Defendant, Chartis, Inc. Although it is not altogether clear, it appears the Taylors allegations against Chartis, Inc. were meant to be directed toward AIG Claims, Inc. The Court will not simply reach that conclusion based upon the pending Amended Complaint, however. Accordingly, the Court will grant the motion to dismiss all claims against AIG Claims, Inc, but will give the Taylors leave to amend their complaint so they can clarify whether they meant to assert claims against AIG, Claims, Inc. The amended complaint must

specifically direct claims at AIG, Claims, Inc. or the Court will dismiss AIG, Claims, Inc. as a defendant with prejudice.

      B.    *Count Two – Bad Faith*

To recover on a bad faith claim, the "insured must show: (1) the insurer intentionally and unreasonably denied or delayed payment; (2) the claim was not fairly debatable; (3) the denial or delay of payment was not the result of a good faith mistake; and (4) the resulting harm is not fully compensable by contract damages." *Simper v. Farm Bureau Mut. Ins. Co. of Idaho,* 974 P.2d 1100, 1103 (Idaho 1999) (citing *White v. Unigard Mutual Insurance Co.,* 730 P.2d 1014, 1018–20 (Idaho 1986)).

While the Taylors' Amended Complaint indicates that their claims were denied (*Am. Compl.* Dkt. 10 ¶ 25), nothing in the Amended Complaint is stated with enough specificity to show whether or not the claim was debatable. Defendants cannot argue a good faith mistake because no claims are specific enough to know which actions might reflect which claim. Furthermore, the Amended Complaint simply states that "Defendants' failure to act in good faith proximately caused Plaintiffs to suffer damages." Id. ¶ 40. This allegation gives no insight into whether resulting harm is fully compensable by contract damages.

Accordingly, the Court will grant the motion to dismiss Count Two, but will give the Taylors leave to amend. In their amended complaint, the Taylors must provide factual content which allows the defendants and the Court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556.

### C.  *Count Three – Fraud*

To prove fraud, a plaintiff must establish the following elements: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge about its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the [representation]; (8) his rights to rely thereon; (9) his consequent and proximate injury." *Jenkins v. Boise Cascade Corp.*, 108 P.3d 380, 386 (Idaho 2005) (internal citation omitted). Moreover, these elements must be pled with particularity. That is, a party claiming fraud or mistake is required to go beyond the minimalist requirements of Rule 8(a)(2), and must state "with particularity the circumstances constituting fraud or mistake." Fed .R.Civ.P. 9(b).

It is well-established that "[a] pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir.1989). In this regard, it is sufficient to plead items such as the time, place and nature of the alleged fraudulent activities. *Id*. Additionally, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir.2007). Finally, "[i]n the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the

role of [each] defendant[ ] in the alleged fraudulent scheme.' " Id. at 765 (citing Moore, 885 F.2d at 541).

### 1) Fraud

The Amended Complaint sets out a premise that each successive policy was accompanied by cumulative coverage. Dkt. 10 ¶ 43. The Taylors claim that this constitutes fraud because they were denied coverage, and those denials were improper. Id. These conclusions are consistent with a claim which may be fraudulent. But, the Taylors fail to provide sufficient facts which connect and support these allegations. The Taylors fail to provide facts which explain why claim denials were improper. They fail to provide facts which explain how the denied claims should have been covered under successive policies and cumulative coverage. It is not enough to say coverage increased. Only cumulative coverage which is related to improperly denied claims would be relevant here.

Thus, the Taylors have not pled fraud with particularity, and the Court will grant the motion to dismiss the fraud claim in Count Three. However, the Court will once again give the Taylors leave to amend. In their amended complaint, the Taylors must address the issues discussed in the preceding paragraph.

### 2) Silence as Fraud

According to the Idaho Supreme Court, silence may constitute fraud when a duty to disclose exists. *G & M Farms v. Funk Irrigation Co.*, 808 P.2d 851 (1991). A party may have a duty to disclose: (1) if there is a fiduciary or other similar relation of trust and

confidence between the two parties; (2) in order to prevent a partial statement of the facts from being misleading; or (3) if a fact known by one party and not the other is so vital that if the mistake were mutual the contract would be voidable, and the party knowing the fact also knows that the other does not know it. *Sowards v. Rathbun*, 8 P.3d 1245, 1250 (2000).

The Taylors claim that "Defendants failed to disclose limitations contained in the policies at the time of sale. These actions constitute fraud and fraud by silence." *Am. Compl.* Dkt. 10 ¶ 45. The Amended Complaint fails to establish a duty to disclose. The Taylors silence as fraud claim also suffers from a lack of particularity similar to their fraud claim. The Taylors fail to provide facts that explain which limitations in their policy were not disclosed, and how those failures are relevant to their denied claims. Simply concluding that Defendants failed to disclose limitations is inadequate for a silence as fraud claim. Therefore, the Court will grant the motion to dismiss the silence as fraud claim on Count Three as well. Once again, the Taylors will be given leave to amend.

### D. *Count Four – Intentional Infliction of Emotional Distress*

"To prevail on a claim for intentional infliction of emotional distress: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." Mortensen v. Stewart Title Guar. Co., 149 Idaho 437, 235 P.3d 387, 396 (Idaho 2010) (internal citations omitted). "To be

actionable, the conduct must be so extreme as to 'arouse an average member of the community to resentment against the defendant,' and 'must be more than unreasonable, unkind, or unfair.'" Id. at 397 (citing 86 CJ. S. Torts § 74 (2009) (citations omitted)).

The Taylors allege that a duty to act fairly and in good faith, along with the facts of the case, make Defendants refusal to pay Plaintiffs' legitimate claims extreme and outrageous. *Am. Compl.* ¶ 48. However, no facts have been sufficiently pled here. No facts have been presented which support a conclusion that any of these claims were legitimate. The Taylors also fail to provide any facts showing that there was emotional distress, that it was sever, and that Defendants caused it. The Taylors simply make conclusory statements that they suffered emotional distress and that it was the result of Defendant's extreme and outrageous conduct. Id. ¶ 50.

Accordingly, the Court will grant Defendants' motion to dismiss Count Four. However, the Court will once again grant leave to amend. In their amended complaint, the Taylors must address the issues noted by the Court in the preceding paragraph.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss (Dkt. 11) is **GRANTED** with leave to amend as explained above. Plaintiffs shall file their amended complaint within 21 days of the date of this Order.



DATED: November 7, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court