Jarom A. Whitehead, ISB #6656
jwhitehead@pedersen-law.com
Brian J. Hilverda, ISB #7952
bhilverda@pedersen-law.com
PEDERSEN and WHITEHEAD
161 5th Ave. S., Suite 301
P. O. Box 2349
Twin Falls, ID 83303-2349
208-734-2552 (Telephone)
208-734-2772 (Facsimile)

Attorneys for Plaintiffs


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT TAYLOR and VERONICA J. TAYLOR, husband and wife,<br><br>               Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a foreign corporation, LOTSOLUTIONS, INC., a foreign corporation, AIG CLAIMS, INC., a foreign corporation, formerly known as CHARTIS CLAIMS, INC., WELLS FARGO BANK, N.A., a foreign corporation, and JOHN DOES I through X, and BUSINESS ENTITY DOES I through X,<br><br>               Defendants. | Case No. **4:14-cv-00079-BLW**<br><br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW, the Plaintiffs, by and through their attorneys of record, and complain and allege as follows:

### PARTIES

1.      At all times material hereto Robert Taylor and Veronica Taylor resided in the City

of Idaho Falls, County of Bonneville, Idaho.

2.      At all times material hereto, Defendant National Union Fire Insurance Company of Pittsburgh, PA. (hereinafter "National") has been and now is an insurance company domiciled in Pennsylvania, which was registered and did solicit and sell insurance in the State of Idaho.

3.      At all times material hereto, Defendant LotSolutions, Inc., (hereinafter "LOTS") has been and now is a Georgia corporation which was registered to do business in the State of Idaho and, as alleged below, has engaged in the transaction of its business in the State of Idaho.

4.      At all times material hereto, Defendant AIG Claims, Inc., (hereinafter AIG) formerly known as Chartis Claims, Inc., has been and now is a Delaware corporation which was registered to do business in the State of Idaho, and, as alleged below, has engaged in the transaction of its business in the State of Idaho. AIG is the successor in interest to Chartis Claims, Inc.

5.      At all times material hereto, Defendant Wells Fargo Bank, N.A., has been and now is a national banking association which was registered to do business in the State of Idaho, and, as alleged below, has engaged in the transaction of its business in the State of Idaho.

6.      The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants Does I through X, and Business Entity Does I through X, are unknown to Plaintiffs at this time. Plaintiffs sue those Defendants by such fictitious names and will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiffs are informed and believe, and on the basis of such information and belief alleges, that each of the Defendants designated as a Doe is negligently or otherwise legally responsible for the events and happenings referred to in this Complaint, and negligently or otherwise unlawfully caused the injuries and damages to the Plaintiffs alleged in this Complaint.

7.      The professional and business relationships of Defendants to one another are not

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

known to Plaintiffs at this time.

## FACTUAL CONTENT

8.     Plaintiff Veronica J. Taylor acquired five different Blanket Accident Insurance Policies with National which were marketed to her through Wells Fargo Bank, N.A. (Wells Fargo). When Plaintiff Veronica J. Taylor made banking inquiries over the phone, the Defendant's representatives would then market the policies over the phone. This occurred on multiple occasions, the exact dates of which are not known. Defendant Wells Fargo has records of the dates of the calls. The identity of the sales agents is not known. It was represented to Plaintiff that they were employees of Wells Fargo who were making these offers to Wells Fargo customers. The Wells Fargo agents represented that these policies were offered to her because she was a valued customer to the bank. Each time after the first policy was purchased, the Wells Fargo agents represented that the policies would provide coverage in addition to the previously-purchased policy or policies. The effective dates of the policies are October 21, 2008, November 19, 2008, January 2, 2009, March 15, 2009 and November 30, 2009.

9.     The policies were issued in association with Plaintiffs' Wells Fargo checking account. Plaintiff Veronica J. Taylor was told that she was being offered these policies because of her status as an account holder at the bank. The premiums were withdrawn directly from her checking account.

10.     The policies at issue in this case are identified as Policy # 48161172, # 48161173, #48432007 and # 49382486, (hereinafter "the policies") and which provided, in the event of an accident, disability and/or various medical treatments, for insurance coverage.

11.     Plaintiffs also secured another policy, #48193798, which does not appear to be implicated in this case at this time.

12.     Wells Fargo told the Plaintiffs that each new policy purchased would provide

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 3**

additional coverage to that provided by the previously-purchased policies. Additionally, when selling the policies to the Plaintiffs, the agents failed to disclose limitations contained in the policies. Idaho Insurance Regulation 18.01.24 requires that all limitations of a disability policy be disclosed at the time of the sale. The limitations and exclusions contained in the disability policies were not disclosed during the sale of those policies. Instead, each sale was accompanied with representations that the additional policy would provide additional coverage beyond what was in the policies purchased previously. With each sale, the Wells Fargo agents represented that the policies would provide benefits, including total disability benefits, in the event of an accidental loss.

13.     Plaintiff's monthly premiums were regularly charged to her Wells Fargo Bank checking account. Plaintiff was current on her premiums at all relevant times hereto.

14.     On August 12, 2011, Veronica J. Taylor fell in her yard injuring her knees. On September 4, 2011, she accidentally choked on a pill. On November 16, 2011, Veronica Taylor tripped and violently fell and suffered a stroke as a result of the impact of the fall. The accident-related stroke caused hemiplegia and left her permanently disabled and unable to engage in her usual activities or the usual activities of a similar person in similar health prior to the loss. On June 29, 2012, Veronica Taylor suffered injuries to her feet, ankles and knees when her power chair malfunctioned. Each of these incidents were accidents as defined in the policies for which coverage applied.

15.     Plaintiff Veronica J. Taylor filed claims with National for benefits pursuant to the policies following each of her accidents.  Following the filing of each of these claims, Plaintiff was contacted by LOTS and AIG, and thereafter communicated with LOTS and/or AIG regarding the adjustment of the claims. The LOTS and AIG employees who communicated with Plaintiffs stated that they were handling the claims for Defendant National.

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 4

16.     On information and belief Plaintiffs allege that LOTS, through agency, contract, or agreement with National, directs, handles, administers and adjusts insurance claims submitted by policyholders of National.

17.     On information and belief Plaintiffs allege that AIG, through agency, contract, or agreement with National, directs, handles and processes insurance claims submitted by policyholders of National.

18.     On multiple occasions LOTS and AIG requested documents and records and on each occasion these documents were obtained by Plaintiffs and supplied to LOTS by them or at their request. Often LOTS and AIG would request the same documents that had already been submitted, or that Plaintiffs had authorized LOTS and AIG to obtain. The claims would never be assigned to a single claims adjuster who was responsible for handling the claims or answering questions.

19.     LOTS made its last request for records on December 6, 2012.

20.     Neither LOTS nor AIG has made any further requests for records and has not sent any other written communication to Plaintiffs since July 3, 2013.

21.     National has not made payment for at least $2,118,000.00 in coverage available under the various policies. The disability claims were assigned claim numbers 95815333, 95860828, 95841324, 95815334, and 95815358. Many other claims for benefits under these four policies have been denied or unreasonably delayed. A $2,000,000 total disability claim was denied under policy number 48161173 on February 21, 2012. The denial was communicated by way of a form letter that gave only the following reason for the denial: "Sickness, disease, mental incapacity or bodily infirmity is not covered under this policy." A $100,000 total disability claim was denied under policy number 48161172 on February 21, 2012. The denial was communicated by way of a form letter that gave only the following reason for the denial: "Sickness, disease,

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

mental incapacity or bodily infirmity is not covered under this policy." The letters did not state

what information had been reviewed or what facts were relied on in denying the claim. The

letters did not cite to any policy provisions that formed the basis for the denials. Both letters were

signed by "Claims Department," and did not contain a phone number. This made communication

regarding these claims very difficult.

22.    Defendants National, LOTS and AIG intentionally denied the Plaintiffs' disability

claims. The denials were totally unjustified as Plaintiff Veronica J. Taylor's accidental fall

caused the hemiplegia and resulting total disability, thus meeting the necessary requirements for

payment under the policies. The specific grounds for the denials of coverage have never been

fully set forth in writing. There was no fair debate as to whether the claim should have been paid

as Defendants' National, LOTS, and AIG were in possession of Plaintiff's medical records and

all other necessary documents to pay the claim. National, LOTS, and AIG denied the disability

claims with full knowledge of the Plaintiff's medical condition and the cause of the loss.

Therefore, the denial was not the result of a good faith mistake.

23.    The denial of the claims has left the Plaintiffs financially devastated. Plaintiff

Veronica J. Taylor has been unable to work and has incurred substantial amounts of medical

bills. She counted on the insurance to be there when she needed it. Plaintiff Robert Taylor has

had to care for his spouse, which has made it difficult for him to engage in other employment.

The denials of the benefits the Plaintiffs paid for caused them great distress, worry, anxiousness,

mental anguish, and loss of sleep. Plaintiffs have felt abandoned by the company they counted on

to protect them in the event of a catastrophe such as the hemiplegia. The Plaintiffs purchased

these policies for protection and peace of mind. National, LOTS, and AIG's unjustified denials

have robbed Plaintiffs of the peace and security they had believed they purchased.

24.    It is believed that the following claims for other coverage were wrongfully denied

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 6

or mishandled because LOTS and AIG did not actively investigate the claims and closed them without notifying the insured or providing the insured with any updates regarding the status of the claims: 95811259, 95865761, 96015494,  96015495, 95841322, 95777944, 95794590, 95794589, 95794588, 95794587, 96015496, 96001905, 96001904, 96033344, 96015491, 96015492, 95842486, 95794585, 95794586, 96015493, 95841321, 95812366, 95813326, 96015498, 95794594, 95777951, 95777950, 95777949, 95777948, 95777947, 95794595, 95794593, 96015499, 95794591, 95841323, 96015497, 96001907, 96001906, 96033345, 95842488, 96015501, 95783105, 95777958, 95777957, 96014407, 95831883, 95830973, 95353603, 95777958, 95777957, 96014407, 95831883, 95830973, 95353603, 95843673, 96015503, 96015502, 96001915, 95871372, 95871371, 95860834, 95783106, 95390922, 96033359, 96015505, 96015504, 96019116, 96015625, 96015626, 95845183, 95778183, 95778185, 95778184, 96015627, 95861030, 95813442, 95871599, 95871598, 95871597, 96002087, 96002086, 96033509, 95832050, 95832049, 95845182, 95841468, 95845182, 96015529, 96015530, 96015531, 95841349, 95831914, 95841350, 95831915.

Plaintiffs are unable to state whether this is an exhaustive list because LOTS' and AIG's adjusting procedures are confusing and cause insureds to be uninformed of the status of their claims. AIG and/or LOTS then close claims after 90 days of inactivity from an insured without notice of the closure. The policy benefits of these claims amount to at least $18,000.

25.    There is no valid basis for a denial of coverage for these claims nor is there any fairly debatable basis for a denial of coverage because National, LOTS, and AIG failed to appropriately investigate and actively adjust these claims. The delay and or denial of these claims is unreasonable and intentional as National, LOTS, and AIG implemented substandard adjusting procedures that led to these claims being closed without being fully adjusted by the companies.

26.     LOTS and AIG employees are trained to handle claims in the manner in which they handled the Plaintiffs' claims. Defendants have established these confusing adjusting procedures as the manner in which claims should be adjusted. Because the employees were handling the claims in the manner in which they had been trained, the denials and delays were not the result of a good faith mistake. These adjusting practices are designed to create several tiers of adjusters responsible for claims decision making. Because National has delegated the decision making and adjusting responsibilities to LOTS and AIG, claims will often get denied or closed without full adjusting and without National having involvement in the claim or knowledge that the claim had been submitted. These procedures are designed to create a high attrition of claims and deliberately make the claims process difficult policyholders to navigate.

27.     National, LOTS, and AIG have all conspired to create these adjusting procedures to minimize claims payouts and achieve high attrition of claims. Because of their civil conspiracy, each of these defendants can be responsible for the claims alleged below.

28.     Plaintiffs have provided all of the information and release forms which were requested by National or LOTS or AIG and have provided proofs of loss pursuant to Idaho Code § 41-1839 which were sufficient to permit National, LOTS and AIG to evaluate the claims and reach a decision relative to the claim.

29.     More than 30 days has passed since Plaintiffs provided qualifying proofs of loss to National, LOTS and AIG and no payments have been made upon the policy.

## COUNT ONE - BREACH OF CONTRACT

### (Defendants National, LOTS, and AIG)

30.     Plaintiffs reallege the allegations contained in each and every paragraph herein above.

31.     All conditions precedent to cause National to be liable to pay benefits pursuant to

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

the policies have been performed or have occurred including timely payment of all premiums, properly filing a proof of claim and supporting documents with National through its agents, LOTS and AIG.

32.     A $2,000,000 total disability claim was denied under policy number 48161173 on February 21, 2012. The denial was communicated by way of a form letter that gave only the following reason for the denial: "Sickness, disease, mental incapacity or bodily infirmity is not covered under this policy." A $100,000 total disability claim was denied under policy number 48161172 on February 21, 2012. The denial was communicated by way of a form letter that gave only the following reason for the denial: "Sickness, disease, mental incapacity or bodily infirmity is not covered under this policy."

33.     National's failure or refusal to pay benefits under the policy was unjustified and amounted to a breach of contract because the disability was caused by an accidental fall, not Sickness, disease, mental incapacity or bodily infirmity.

34.     The claims identified in Paragraph 24 were properly submitted and owing under the policy, but National has refused and/or delayed payment through its agents LOTS and AIG. The denial of these claims amounts to a breach of contract.

35.     National's breach of the contract for accident insurance caused Plaintiffs to suffer damages and financial hardship.

36.     Plaintiffs are entitled to an award of the benefits of the policies, and such other damages as may be proven at trial.

37.     National, LOTS, and AIG have all conspired to create these adjusting procedures to minimize claims payouts and achieve high attrition of claims. Because of their civil conspiracy, each of these defendants are responsible for the breach of contract.

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 9

## COUNT TWO - BAD FAITH

### (Defendants National, LOTS, and AIG)

38.    Plaintiffs reallege the allegations contained in each and every paragraph herein above.

39.    All conditions precedent to cause National to be liable to pay benefits pursuant to the policies have been performed or have occurred including timely payment of all premiums, and properly filing proofs of claim and supporting documents with National through its agents, LOTS and AIG.

40.    Defendants National, LOTS and AIG, intentionally denied the Plaintiffs' disability claims. The denials were totally unjustified as Plaintiff Veronica J. Taylor's accidental fall caused the hemiplegia. The specific grounds for the denials of coverage have never been fully set forth in writing. There was no fair debate as to whether the claim should have been paid as Defendants' National, LOTS, and AIG were in possession of Plaintiff's medical records and all other necessary documents to pay the claim. National, LOTS, and AIG denied the disability claims with full knowledge of the Plaintiff's medical condition and the cause of the loss. Therefore, the denial was not the result of a good faith mistake.

41.    The denial of the claims has left the Plaintiffs financially devastated. Plaintiff Veronica J. Taylor has been unable to work and has incurred substantial amounts of medical bills. She counted on the insurance to be there. The denials of the benefits the Plaintiffs paid for caused them great distress, worry, anxiousness, mental anguish, and loss of sleep. Plaintiffs have felt abandoned by the company they counted on to protect them in the event of a catastrophe such as the hemiplegia. The Plaintiffs purchased these policies for protection and peace of mind. National, LOTS, and AIG's unjustified denials have robbed Plaintiffs of the peace and security they had believed they purchased.

42.    Institutional bad faith is a corporate philosophy, implemented in a series of

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 10**

procedures that emphasizes minimizing insurance claims to the detriment of policyholders. National, LOTS and AIG engaged in institutional bad faith by creating procedures that deter claims. The procedures include sending multiple requests for the same documents, creating multiple levels of adjusters with different levels of authority to pay claim, or even answer questions about a claim. These procedures also include closing a claim without advising the insured or actively investigating the claim. National, through LOTS, would send denial letters that did not include a clear explanation for the denial, the facts or information relied on for the denial, or even provide an adjuster's name or information so that the insured has someone they can contact for guidance on the claim. These procedures deterred the Plaintiff's from making claims, getting accurate information about their claims, or receiving benefits they were entitled to under the policy because the entire process was difficult for the insureds to navigate. National, LOTS, and AIG deliberately created these claims handling procedures in an effort to deter claims and minimize claims payouts. Using the procedures to deter the Plaintiffs' claims and payout on those claims amounts to bad faith.

43.    There is no valid basis for a denial of coverage for the claims identified in paragraph 24 nor is there any fairly debatable basis for a denial of coverage because National, LOTS, and AIG failed to appropriately investigate and actively adjust these claims. The delay and or denial of these claims is unreasonable and intentional as National, LOTS, and AIG implemented substandard adjusting procedures that led to these claims being closed without being fully adjusted by the companies.

44.    National's failure or refusal to pay benefits due under the policies and/or the complete failure of either National or LOTS or AIG to provide a complete written denial, to provide any lawful basis for a denial of the claims for benefits and to adjust the manner in conformance with applicable statutes and regulations are totally unjustified conduct which amounts to an extreme deviation from the standards of the industry.

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

45.     The conduct of National and/or LOTS and/or AIG constitute, under the circumstances to the tort of bad faith. Each of these defendants was an active participant in the conduct amounting to bad faith.

46.     Plaintiffs also believe that the practices utilized by National, LOTS and AIG are designed to deprive National's insureds, such as Plaintiffs, of the benefits owed pursuant to the policy; such practices amount to the tort of bad faith.

47.     Defendants' failure to act in good faith proximately caused Plaintiffs to suffer damages beyond the amount of the policy benefits. These damages include the aforementioned financial devastation, mental anguish, stress, sleepless nights, and emotional distress resulting from their claims not being paid following the accidental losses.

48.     Plaintiffs are entitled to an award of general and special damages as may be proven at trial.

49.     National, LOTS, and AIG have all conspired to create these adjusting procedures to minimize claims payouts and achieve high attrition of claims. Because of their civil conspiracy, each of these defendants are responsible for the bead faith.

## COUNT THREE – FRAUD

### (Defendants Wells Fargo and National)

50.     Plaintiffs reallege the allegations contained in each and every paragraph hereinabove.

51.     Defendants National and Wells Fargo engaged in conduct designed to deceive Plaintiffs into purchasing policies that Defendants knew would not pay the benefits as promised. This was accomplished by Wells Fargo representatives telling the Plaintiffs that these policies would provide coverage for these losses. Specifically, the Wells Fargo agents stated that the policies would provide coverage in the event of an accident. Additionally, with each additional

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone 208-734-2552

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 12

policy purchased, Plaintiffs were told that they would receive coverage in excess of that which they already had though the prior purchases. These representations were made at the time of each of the Plaintiff's phone calls to inquire about her accounts. Wells Fargo has records of these calls with the act date, time, and the names of the Wells Fargo representatives making the representations. These representations were false because the policies have not covered these losses or provided excess coverage. In actuality the policies contain high, unobtainable limits that cannot be reached because of the aforementioned adjusting practices implemented by National, LOTS, and AIG. Wells Fargo was aware that the policies would not pay as promised when the policies were being sold.

52.    Plaintiffs relied on Defendants Wells Fargo's representations that these polices would provide coverage in the event of a loss. Believing what Defendant Wells Fargo told them regarding the policies, Plaintiffs purchased each of the aforementioned policies and authorized premiums to be withdrawn from their bank account.

53.    Defendant National was an active participant in the fraud as it authorized Wells Fargo to market the policies in this manner and the company benefited from the sale of the policies. National was fully aware of the marketing procures used and the representations being made regarding its policies. National knew that key information regarding the policies like the limitations and exclusions was not being disclosed to the insured at the time of purchase.

54.    Because National, AIG, and LOTS' adjusting practices (stated previously in this complaint) were designed to frustrate and prevent the Plaintiffs' attempts to provide conforming proof of loss and to deny policies on wholly inadequate and unjustified grounds, Defendant National never intended to pay the benefits as promised under the contract and when the polices were sold to the Plaintiffs.

55.    Idaho Insurance Regulation 18.01.24 requires that all limitations of a disability

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 13

policy be disclosed at the time of the sale. The limitations and exclusions contained in the disability policies were not disclosed during the sale of those policies. Instead, each sale was accompanied with representations that the additional policy would provide additional coverage beyond what was in the policies purchased previously. These actions constitute fraud and fraud by silence. Such fraud proximately caused Plaintiffs to suffer damages because the policies did not pay the benefits as promised when the Wells Fargo agents sold the policies.

56.     Plaintiffs are entitled to an award of damages, both special and general, in an amount to be proven at trial. The damages include their policy benefits that would have been paid had the claims had been paid as promised, general damages for the mental anguish and emotional distress, attorneys fees and other damages to be proven at trial.

57.     Wells Fargo and National have conspired to sell these policies and collect premium with full knowledge that the policies would not pay according the representations that were made.  Because of their civil conspiracy, each of these defendants can be responsible for the fraud.

## COUNT FOUR - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (All Defendants)

58.     Plaintiffs reallege the allegations contained in each and every paragraph hereinabove.

59.     Considering the aforementioned conduct, and the duty imposed by law that an insurer act fairly and in good faith at all times when it is processing the claims of policy beneficiaries, Defendants National, LOTS, and AIG's aforementioned actions in refusing to pay Plaintiffs' legitimate claims are extreme and outrageous.  The intentional and unreasonable denial of claims was outrageous and amount to an extreme deviation from industry standards. The adjusting practices were designed to delay and frustrate the insureds in an effort minimize

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

and deter claims and payments.

60.     Defendants by fraudulently marketing these policies and refusing to pay Plaintiffs' legitimate claims, acted intentionally and/or with reckless disregard of the probability that a reasonable person would suffer severe emotional distress under these circumstances.

61.     As a direct and approximate result of Defendants' extreme and outrageous conduct or their intentional denial of claims and fraudulent conduct, Plaintiffs did suffer severe emotional distress in the form of worry, anxiousness, mental anguish, and loss of sleep. They have suffered financial distress as a result of their claims not being paid. Plaintiffs have felt abandoned by the company they counted on to protect them in the event of a catastrophe such as the hemiplegia. The Plaintiffs purchased these policies for protection and peace of mind. National, LOTS, and AIG's unjustified denials have robbed Plaintiffs of the peace and security they had believed they purchased. The fraudulent marketing of these policies has put them in a position of paying for security, but having that security disappear when they suffered this catastrophic loss. As a result of their severe emotional distress caused by each defendant, Plaintiffs' are entitled to compensation for such injury in an amount to be proven at trial.

62.     All Defendants have conspired to profit from the fraudulent and outrageous conduct.  Because of their civil conspiracy, each of these defendants can be responsible for the intentional infliction of emotional distress upon the Plaintiffs.

### COUNT FIVE - ATTORNEY FEES

### (All Defendants)

63.     Plaintiffs reallege the allegations contained in each and every paragraph hereinabove.

64.     As a result of Defendants' conduct, Plaintiffs have hired the law firm of Pedersen and Whitehead to prosecute this action.

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

65.     Plaintiffs are entitled to reasonable attorney fees under Idaho Code § 12-121 and § 41-1839 relating to attorney fees and suits against insurers.

## DAMAGES

66.     As a proximate and/or producing result of Defendants' bad faith conduct and National's breach of contract, Plaintiffs have suffered substantial damages including special damages, general damages, consequential damages, attorney fees and the costs incident to prosecuting this action, all in an amount to be proven at trial.

67.     Considering each of these elements of damage, Plaintiffs have suffered damages in excess of the jurisdiction requirements of this Court.

68.     Plaintiffs respectfully request that a jury determine the amount of losses Plaintiffs have incurred in the past and will incur in the future financial hardship which would have been avoided by proper performance under the contract of insurance.  This hardship has put needless and avoidable stress upon Plaintiffs and caused them financial damages, anguish and suffering.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants for:

1.     Upon all counts against Defendants, jointly and severally, for special and general damages in an amount in excess of the jurisdictional limits of this Court;

2.     For reasonable attorney's fees and costs herein;

3.     For costs of suit incurred herein; and

4.     For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by a jury of at least twelve (12) members on all issues in the above-entitled matter.

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 16**

DATED this 26th day of November, 2014.

PEDERSEN and WHITEHEAD

By_____/s/ Brian J. Hilverda_____
      Brian J. Hilverda, ISB #7952
      Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of November, 2014, I served a copy of the foregoing SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL, on *CM/ECF* Registered Participants as reflected on the Notice of Electronic Filing as follows:

Kevin J. Scanlan, ISB #5521
Email:  kjs@dukescanlan.com
Bryan A. Nickels, ISB #6432
Email:  ban@dukescanlan.com
DUKE SCANLAN & HALL, PLLC
P. O. Box 7387
Boise, Idaho 83707

_____/s/ Brian J. Hilverda_____
Brian J. Hilverda

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552